IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>EMMANUEL GAZMEY-SANTIAGO<br>A.K.A. "ANUEL",<br>Defendant. | CRIMINAL NO.  16-217 (ADC) |

**PLEA AND FORFEITURE AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney, Timothy Henwood, First Assistant United States Attorney, Jenifer Y. Hernández-Vega, Assistant United States Attorney and Chief, Violent Crimes Unit and Max Pérez-Bouret, Assistant United States Attorney, along with Defendant, **EMMANUEL GAZMEY-SANTIAGO A.K.A. "ANUEL"**, , and his counsel, **Laura Maldonado Rodriguez**, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:



1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count Two of the Indictment.

**Count Two:**

On or about April 3, 2016, in the District of Puerto Rico and within the jurisdiction of this Court,

[1] Emmanuel GAZMEY-SANTIAGO a.k.a. "Anuel",



Plea Agreement: United States v. Emmanuel GAZMEY-SANTIAGO a.k.a. "Anuel", 16-217 (ADC)    P a g e | 2

the defendant herein, then being an unlawful user of controlled substances as defined in Title 21, United States Code, Section 802, did knowingly and unlawfully possess in or affecting interstate commerce, firearms and ammunition, as those terms are defined in Title 18, United States Code, § 921 (a)(3) and (17)(A) respectively, that is, (1) Glock pistol, Model 30, .45 caliber, bearing serial number WAR-896, (2) Glock pistol, Model 19, 9mm caliber, bearing serial number WLV-369, (3) a Glock pistol, Model 23, .40 caliber, bearing serial number DVH-618US, and (4) five additional magazines loaded with 94 rounds of ammunition, which had been shipped or transported in interstate or foreign commerce.   All in violation of Title 18, United States Code, Section 922(g)(3).

## 2.   MAXIMUM PENALTIES

The maximum statutory penalty for the offenses charged in Count Two of the Indictment is a term of imprisonment of not more than ten (10) years, pursuant to 18 U.S.C. § 924(a)(2); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b)(3); a supervised release term of not more than three (3) years, pursuant to 18 U.S.C. § 3583(b)(2); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18 U.S.C. § 3013(a)(2)(A).

## 3.   SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant




acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

### 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

### 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

### 6. RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a

Plea Agreement: United States v. Emmanuel GAZMEY-SANTIAGO a.k.a. "Anuel", 16-217 (ADC)  P a g e | 4

sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

### 7. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

| SENTENCING GUIDELINE CALCULATION 18 USC 922(g)(3) | |
|---|---|
| Base Offense Level, U.S.S.G. § 2K2.1(a)(6) | 14 |
| Specific Offense Characteristics, (1)(A): three firearms | +2 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1 | -3 |
| TOTAL ADJUSTED OFFENSE LEVEL | 13[1] |
| IMPRISONMENT RANGE IF CRIMINAL HISTORY CATEGORY I | (12-18) Months (Zone C) |

### 8. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do **not** stipulate as to any Criminal History Category for Defendant.

### 9. SENTENCE RECOMMENDATION

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the

---

[1] The parties acknowledge that two enhancements are applicable to the facts of this case; (1) extended magazine and (2) stolen firearm. However, as part of this plea agreement, the parties agree to recommend the Court not to consider these enhancements and sentence the defendant pursuant to the recommended guideline calculation set forth in paragraph seven.

defense will request a sentence at the lower end and the Government reserves the right to recommend a sentence of imprisonment within the applicable Guideline Sentencing Range, for a total offense level of 13 when combined with defendant's criminal history category as determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea and Forfeiture Agreement.

**10.   WAIVER OF APPEAL**

Defendant hereby agrees that if this Honorable Court accepts this Plea and Forfeiture Agreement and sentences him according to its terms, conditions, and recommendations, Defendant waives and surrenders his right to appeal the judgment and sentence in this case.

**11.   NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

**12.   SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with counsel, **Laura Maldonado Rodriguez**, and asserts that counsel has rendered effective legal assistance.

Plea Agreement: United States v. Emmanuel GAZMEY-SANTIAGO a.k.a. "Anuel", 16-217 (ADC) ~~14-205 (CCC)~~                P a g e | 6

### 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.


**14.    STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

**15.    FIREARMS FORFEITURE**

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): (1) a Glock pistol, Model 30, .45 caliber, bearing serial number WAR-896, (2) Glock pistol, Model 19, 9mm caliber, bearing serial number WLV-369, (3) a Glock pistol, Model 23, .40 caliber, bearing serial number DVH-618US, and (4) 94 rounds of ammunition. Defendant acknowledges that he possessed the Property in violation of 18 U.S.C. §§ 922(g)(3), as set forth in Count Two of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

**16.    LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT**

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**17.    ENTIRETY OF PLEA AND FORFEITURE AGREEMENT**

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises

Plea Agreement: United States v. Emmanuel GAZMEY-SANTIAGO a.k.a. "Anuel", 16-217 (ADC) ~~14-205 (CCC)~~                                    P a g e | 8

or representations except as set forth in writing in this Plea and Forfeiture Agreement and denies the existence of any other term and conditions not stated herein.

### 18. AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

### 19. DISMISSAL OF ALL REMAINING COUNTS

At sentencing, should the Defendant comply with the terms of this Plea and Forfeiture Agreement, the Government will move to dismiss all remaining Counts charged in the Indictment.

### 20. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

ROSA EMILIA RODRÍGUEZ-VÉLEZ
United States Attorney

_____
**Timothy Henwood**
First Assistant U.S. Attorney
Dated: 12-23-16

_____
**Jenifer Y. Hernández-Vega**
Assistant U.S. Attorney
Chief, Violent Crimes Unit
Dated: 12/23/2016

_____
**Max Pérez-Bouret**
Assistant U.S. Attorney
Dated: 12-23-16

_____
**Laura Maldonado Rodriguez**
Counsel for Defendant
Dated: 12/29/2016

_____
**EMMANUEL GAZMEY-SANTIAGO,**
Defendant
Dated: 12/29/2016

Plea Agreement: United States v. Emmanuel GAZMEY-SANTIAGO a.k.a. "Anuel",  16-217(ADC) ~~14-205 (CCC)~~                         P a g e | 9

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and voluntarily agree to it.

Date: 12/29/2016                                  _____
                                                  **EMMANUEL GAZMEY-SANTIAGO**
                                                  Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 12/29/2016                                  _____
                                                  **Laura Maldonado Rodriguez**
                                                  Counsel for Defendant

Plea Agreement: United States v. Emmanuel GAZMEY-SANTIAGO a.k.a. "Anuel", 16-217 (ADC) / ~~14-205 (CCC)~~   P a g e | 10

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the United States of America and Defendant, **EMMANUEL GAZMEY-SANTIAGO A.K.A. "ANUEL"**, agree that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of 18 U.S.C. § 922(g)(3). The following is a synopsis of the facts in this case:

On April 3, 2016, PRPD officers from the San Juan Narcotics division conducted a traffic stop on a vehicle with three male occupants. **GAZMEY-SANTIAGO** was the front seat passenger. As the PRPD officers approached the vehicle, they observed several firearms in plain view. All three occupants were placed under arrest. A search of the vehicle revealed; (1) a Glock pistol, Model 30, .45 caliber, bearing serial number WAR-896, (2) Glock pistol, Model 19, 9mm caliber, bearing serial number WLV-369, (3) a Glock pistol, Model 23, .40 caliber, bearing serial number DVH-618US, and (4) 94 rounds of ammunition (hereinafter the "firearm").

**GAZMEY-SANTIAGO** acknowledges that he had possession of the firearm and that at the time of his arrest he was an unlawful user of controlled substances, that is, prescription pills.

A record verification revealed that the firearm had traveled through interstate or foreign commerce.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Count Two of the Indictment. This would have been proven through physical and documentary evidence, including, but not limited to, testimony of PRPD and HSI Agents, photographs, documents, and other physical evidence.

Discovery was timely made available to Defendant for review.

_____
**Max Pérez-Bouret**
Assistant United States Attorney
Dated: 12-23-16

_____
**Laura Maldonado Rodríguez**
Counsel for Defendant
Dated: 12/29/2016

_____
**EMMANUEL GAZMEY-SANTIAGO**
Defendant
Dated: 12/29/2016